UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHARLES RICHMOND,
                    *Plaintiff-Appellee,*

v.

NOBEL INSURANCE COMPANY, A
Texas Corporation,
                    *Defendant-Appellant,*        No. 01-1507

                    and

WESTERN AMERICAN SPECIALIZED
TRANSPORTATION SERVICES,
INCORPORATED,
                    *Defendant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-00-675-3)

Argued: November 1, 2001

Decided: December 10, 2001

Before WILKINSON, Chief Judge, and WILKINS and
KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Robert Barnes Delano, Jr., SANDS, ANDERSON,
MARKS & MILLER, Richmond, Virginia, for Appellant. Jason

Wade Konvicka, ALLEN, ALLEN, ALLEN & ALLEN, Richmond, Virginia, for Appellee. **ON BRIEF:** Brian N. Casey, TAYLOR & WALKER, P.C., Norfolk, Virginia, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Nobel Insurance Company (Nobel) appeals a district court order granting summary judgment to Charles Richmond in Richmond's action seeking a declaratory judgment that Nobel was required to pay post-judgment interest on a judgment against one of its insureds. Finding no error, we affirm.

### I.

Richmond suffered severe injuries when a tractor-trailer operated by an employee of Western American Specialized Transportation Services, Incorporated (Western) collided with an automobile in which Richmond was riding. After filing suit against Western, Richmond was awarded $2.5 million in damages, with interest accruing at a rate of nine percent per year until satisfaction of the judgment.

When the accident occurred, Western had an insurance policy with Nobel that provided one million dollars of liability coverage for such an accident. One provision in the policy stated that Nobel had "the right and duty to defend [Western] against a 'suit' asking for [bodily injury or property] damages" and the right to "investigate and settle any claim or 'suit'" as it deemed appropriate. J.A. 37. Another provision stated that in addition to the policy limits, Nobel was required to pay post-judgment interest on any judgment resulting from any suit it defended, except that its duty ended when it "paid, offered to pay

or deposited in court" the portion of the judgment within its policy limits. *Id.* at 38.

Nobel informed Western by letter that it would pay the one million dollars unless Western indicated that it intended to appeal the verdict. When Western subsequently stated its desire to appeal, Nobel made no payment. The Supreme Court of Virginia later refused the petition for appeal, and Nobel paid its policy limits to Richmond.

Richmond believed he was entitled not only to the policy limits, but also to the post-judgment interest that had accrued, which amounted to an additional $123,288. Richmond subsequently brought suit against Western and Nobel, seeking a declaratory judgment that he was so entitled. In granting summary judgment to Richmond, the district court concluded that Nobel's letter to Western was not an "offer[] to pay" within the meaning of the Nobel policy and therefore that it did not relieve Nobel of its duty to pay post-judgment interest. The court reasoned that the policy made the termination of Nobel's duty to pay interest dependent on the communication of an offer to Richmond rather than Western.

## II.

Nobel contends that the district court erred in granting summary judgment against it, arguing that its letter to Western was sufficient to end its duty to pay post-judgment interest. Having had the benefit of oral argument and the parties' briefs, we conclude that the district court correctly decided the issue before it. Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*